# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:09-CR-40-TLS |
| | ) |
| DELMAS SEXTON, II | ) |

## OPINION AND ORDER

Before the Court is the Defendant's Verified Motion for Return of Property [ECF No. 71], filed on August 20, 2010. On August 30, the Court ordered the Government to file a response to the Motion. On September 10, the Government filed its Response [ECF No. 73] and an Attachment [ECF No. 73-1] with an Affidavit of Andrew Gottfried, an inspector with the United States Postal Inspection Service who had custody of some of the items referenced in the Defendant's Motion. Also before the Court is the Defendant's Motion for Hearing to Allow Defendant's Counsel to Withdraw and for Appointment of New Counsel [ECF No. 74], filed on October 18, 2010.

## PROCEDURAL BACKGROUND

On March 25, 2009, the Defendant was indicted for knowingly and with the intent to defraud using an unauthorized access device in violation of 18 U.S.C. § 1029(a)(2). On May 21, 2009, the Defendant filed a Motion to Suppress, and on July 2, the Court held an evidentiary hearing on the Defendant's Motion. On April 6, 2010, the Government moved to dismiss the Indictment, and the Court granted the Government's Motion on April 13. On August 20, the Defendant filed his Verified Motion for Return of Property, in which he lists all of the property he claims the Government took from him, which he wants returned now that the Indictment has

been dismissed.

## DISCUSSION

**A.      Return of Property**

Federal Rule of Criminal Procedure 41(g) "provides a mechanism by which criminal defendants may recover property seized by the Government." *United States v. Stevens*, 500 F.3d 625, 627–28 (7th Cir. 2007). In the Seventh Circuit, this rule also allows a defendant "to recover evidence that the Government no longer needs." *Id.* at 628. However, this is only possible if the Government still possesses the property; if not, "no relief is available under Rule 41(g)." *Id.* Whether the Government still possesses a defendant's property "is a question of fact." *Id.* "Rule 41(g) provides that the district court 'must receive evidence on any factual issue necessary to decide the motion.' As this provision makes clear, any factual determinations supporting the court's decision must be based on evidence received." *Id.* (citation omitted). A hearing is not necessarily required, but the district court must receive evidence, which "may come, for example, in the form of sworn affidavits or documents verifying the chain of custody of particular items." *Id.*

No criminal charges have been pending against the Defendant in this case since the Court granted the Government's Motion to Dismiss the Indictment, and thus the Defendant's Motion for Return of Property is an ancillary matter. *United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010) ("The Rule 41(g) proceeding may be maintained as an ancillary proceeding in the district court even after the criminal proceeding ends.") (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). According to the Defendant, the following property is in the

Government's possession and must be returned:

    A.    U2500 1.2 Ghz 204 Toshiba Protégé Computer; s/n 26048725ju;
    B.    Toshiba Premier Laptop leather carrying case - black;
    C.    Toshiba 30gb US external hardrive, Pn-Hddr250c3x;
    D.    Canon Pixma 1P90 PN-1P90V;
    E.    Logitech Z-4 21 speakers PN 9701750403;
    F.    Microsoft Office Professional 2007 PN 26911094;
    G.    Targus Noise can PN-AWMOZUS;
    H.    Sierra Wireless USB Card from Centennial Wireless with charger;
    I.    Twenty (20) country music CDs;
    J.    Four (4) Maxwell CDs with pictures and videos of personal nature;
    K.    1 Buchner funnel;
    L.    Five (5) 1000 ml beakers;
    M.    One (1) 1000 ml funnel;
    N.    Twenty (20) necked flasks with a round bottom 1000 ml; and
    O.    $250,000 United States Currency in $100.00 bills.

(ECF No. 71 at 1–2.) The Government's Response indicates that items I and J were returned to the Defendant's counsel.[1] Also, the Government returned items K-N.[2] Consequently, the Defendant's Motion is moot as to these items. The only items outstanding are A-H ("Computer Items") and O ("Money"), and for the reasons stated below, the Court will deny the Defendant's Motion as to these remaining items.[3]

The Government argues that it need not return the Computer Items to the Defendant because he denied that these items belonged to him. In its Opinion and Order issued on

---

[1] The Government's Response indicates a dispute over the number of CDs. For the reasons stated below, the Court finds Inspector Gottfried's sworn statement more credible and deserving of greater weight than the Defendant's verified statement.

[2] Again, the Government's Response indicates a dispute as to the amount of funnels, beakers, and flasks, and again the Court finds Inspector Gottfried's sworn statement more credible and deserving of greater weight than the Defendant's verified statement.

[3] The Government's Response notes that, in addition to items A-H, it also has in its custody related items: (1) Logitech Z4 Subwoofer Speaker (m/n S-0175A); (2) Logitech QuickCam (p/n 860-000010); (3) Toshiba External DVD SuperMulti Drive (s/n 6KCQBO18188); and (4) Toshiba Li-ion Battery Pack (m/n PA3523U-1BRS). (ECF No. 73 at 2 n.1.) The Court also includes these items in its reference to the Computer Items.

December 7, 2009, denying the Defendant's Motion to Suppress, the Court found that the Defendant, in response to an officer's question, specifically stated that the Computer Items belonged to someone else. (ECF No. 46 at 3.) Although the testimony from the suppression hearing about the true ownership of the computer is conflicting, the record is clear that the Defendant denied any ownership interest in the Computer Items. The Court sees no reason to deviate from its earlier conclusion that, to the extent the Defendant had any property interest in the Computer Items, he effectively abandoned this interest when he denied ownership of the Computer Items. (ECF No. 46 at 9–10.) Therefore, the Defendant's denial of ownership or abandonment of the Computer Items warrants denying his Motion with respect to those items.

Inspector Gottfried's sworn statement explains that the Government never seized any Money from the Defendant. Also, no witness mentioned any Money during the suppression hearing, and this case was pending for more than a year before the Defendant ever mentioned the Money. Given that statements in the Defendant's Verified Motion conflict with the testimony by multiple officers at the suppression hearing about the Computer Items, the Court views the rest of the Defendant's Motion with greater skepticism. Most importantly, the Court admitted Government Exhibits 1 and 2 at the suppression hearing, and the Defendant did not object. Government Exhibits 1 and 2 show all of the property taken at the time of the Defendant's encounter with the police. Nothing in these property records or on the receipt indicates that the police seized any amount of currency. Based on the evidence presented in the Defendant's Verified Motion, Inspector Gottfried's Affidavit, and testimony at the suppression hearing, the Court finds that the Government never seized the Money from the Defendant, and it will deny the Defendant's Motion as to the Money.

**B.     Withdrawal of Counsel**

The Defendant also filed a Motion for Hearing to Allow Defendant's Counsel to Withdraw and for Appointment of New Counsel. The Defendant's counsel, Attorney O'Malley, argues that communication between the Defendant and counsel is irreparably broken. The Court inquired further at a telephone status conference on October 27, 2010, with counsel about the communication breakdown. The Court will grant the Defendant's Motion as to defense counsel's request to withdraw, but deny it as to the Defendant's request for appointment of new counsel because the Indictment has been dismissed, the Defendant's Motion for Return of Property has been resolved, and no matter remains pending that necessitates appointment of new counsel.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Defendant's Verified Motion for Return of Property [ECF No. 71]. The Court GRANTS IN PART and DENIES IN PART the Defendant's Motion for Hearing to Allow Defendant's Counsel to Withdraw and for Appointment of New Counsel [ECF No. 74]. The Court GRANTS Attorney O'Malley's request to withdraw but DENIES the Defendant's request for a hearing and appointment of new counsel.

SO ORDERED on November 1, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT