UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CR-40-TLS |
| | ) | |
| DELMAS SEXTON, II | ) | |

**OPINION AND ORDER**

The only matter in this case since the Court granted the Government's Motion to Dismiss the Indictment on April 13, 2010, has been the Defendant's Motion for Return of Property. The Court issued an Opinion and Order [ECF No. 77], on November 1, denying the Defendant's Motion for Return of Property. The Defendant filed a Notice of Appeal [ECF No. 80] on November 12. Currently before the Court are five of the Defendant's Motions: Motion to Proceed In Forma Pauperis on Appeal [ECF No. 82], filed on November 15, 2010; Motion for Access or Complete Copy of the Clerk's Record [ECF No. 83], also filed on November 15; Motion to Proceed In Forma Pauperis on Appeal [ECF No. 86]; Motion to Supplement the Defendant's Motions [ECF No. 87]; and a Motion for Service of Notice to Jail of Paralegal Assistance [ECF No. 88], all filed on November 22, 2010.

**A.  Motions to Proceed In Forma Pauperis on Appeal**

The Defendant seeks permission to appeal this Court's November 1, 2010, Order without prepayment of fees and costs. The Defendant correctly notes that "this case has been a pauperis case since [its] inception." (ECF No. 86 at 1; ECF No. 82 at 1; ECF No. 9 at 1.) Federal Rule of Appellate Procedure 24 provides:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3); *see also* 18 U.S.C. § 1915(a)(3) (providing that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith). To find that an appeal is taken in good faith, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). Applying this standard, the Court concludes that the Defendant's appeal is not taken in good faith, and denies his request for pauper status.

The Defendant argues that this Court improperly denied his Motion for Return of Property and wants to appeal in an attempt to recover his computer and money he alleges the Government took in the course of its investigation. The Defendant cites three cases as the basis for his appeal. (Notice of Appeal, ECF No. 80 at 1 (citing *Frisby v. United States*, 79 F.3d 29, 31 n.1 (6th Cir. 1996); *Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir. 1990); *Government of Virgin Islands v. Edwards*, 903 F.2d 267, 272–73 (3rd Cir. 1990)).) The Defendant is correct that these cases stand for the proposition that a court of appeals may hear an appeal of an order denying a motion for the return of property. However, the basis for his appeal is unclear. The Defendant asserts that he is seeking an appeal "due to extrajudicial sources with the Plaintiff." (Notice of Appeal, ECF No. 80 at 1.) A reasonable person could not understand these accusations much less suppose that they have any merit.

**B.     Motion for Access or Complete Copy of the Clerk's Record**

The Defendant also requests access or a complete copy of the Clerk's record. Because the Defendant is only appealing the Court's Order denying his Verified Motion for Return of Property, only materials on the docket relating to this Order are relevant. The Court has already provided the Defendant with a copy of the Court's Order he is appealing and the Court presumes he has retained copies of all of his and the Government's filings in relation to the Order. The Clerk has already provided a docket sheet and copies of all documents filed in this case since November 1to the Defendant and he is not entitled to any further materials from the Clerk's office. Therefore, the Court will deny the Defendant's Motion for Access or Complete Copy of the Clerk's Record.

**C.     Motion to Supplement the Defendant's Motions**

The Defendant seeks leave to supplement his Motions to Appoint Counsel, Hold an Evidentiary Hearing, and Recusal of Trial Judge [ECF No. 78]. The Court struck these Motions in its November 10, 2010, Order [ECF No. 79] and stated:

> The Defendant has pointed to no procedural rule or statute supporting the filing of his Motions, and the Court will not make arguments or provide grounds for him. The Court granted the Government's Motion to Dismiss the Indictment on April 13, 2010. On November 1, 2010, the Court resolved all remaining issues pending in this case, and the case is now closed.

The Defendant now submits discovery related documents the Government provided to the Defendant's attorney prior to the suppression hearing. These documents do not alter the Court's rationale in striking the Defendant's Motions. Therefore, the Court will deny the Defendant's Motion to Supplement the Defendant's Motions.

**D.     Motion for Service of Notice to Jail of Paralegal Assistance**

The Defendant asks that this Court serve notice to the jail that the Defendant is using the paralegal assistance of three individuals outside of the jail. (ECF No. 88 at 1.) The Defendant has not provided any rule or other legal authority that authorizes the type of relief he is seeking. He cites *Bounds v. Smith*, 430 U.S. 817, 828 (1977), and *United States v. Kind*, 194 F.3d 900, 905 (8th Cir. 1999), which discuss a prisoner's rights to access legal resources. The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. The Supreme Court has explained that "prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825). The Seventh Circuit has instructed that "access to legal materials is required only for unrepresented litigants," *Campbell v. Clarke*, 481 F.3d 967, 968 (7th Cir. 2007) (citing *Bound*, 430 U.S. at 830–32), and that "proof that a lack of access to legal materials has undermined a concrete piece of litigation is an essential component of any claim along these lines," *Campbell*, 481 F.3d at 968 (citing *Lewis*, 518 U.S. 343).

The Defendant does not explain how the Allen County Jail's resources are insufficient only stating "[t]he Allen County Jail lacks sufficient resources to aid me in the provision of caselaw relevant hereto." (ECF No. 88 at 1–2.) Because the Defendant has not proved what legal

4

materials he lacks access to at the Allen County Jail, or how his alleged lack of access to legal materials has undermined a concrete piece of his litigation related to his Motion for the Return of Property, the Court will deny his Motion for Service of Notice to Jail of Paralegal Assistance.

## CONCLUSION

Because the Defendant's appeal does not present any questions for review that are reasonably arguable on their merits, the Court certifies that the appeal is not taken in good faith, and DENIES the Defendant's Motions to Proceed in Forma Pauperis on Appeal [ECF No. 82 and 86]. The Clerk is directed to provide notice as required by Federal Rule of Appellate Procedure 24(a)(4). The Defendant has thirty days from the date of receiving such notice in which to ask the court of appeals to allow him to proceed in forma pauperis. Fed. R. App. P. 24(a)(5). The Court DENIES the Defendant's Motion for Access or Complete Copy of the Clerk's Record [ECF No. 83], Motion to Supplement the Defendant's Motions [ECF No. 87], and Motion for Service of Notice to Jail of Paralegal Assistance [ECF No. 88].

SO ORDERED on November 23, 2010.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT