UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CR-40-TLS |
| | ) | |
| DELMAS SEXTON, II | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Amended Motion to Correct Error [ECF No. 95] filed on December 1, 2010, along with supplementary materials [ECF No. 96] filed on December 2, 2010. The Defendant argues that, pursuant to Federal Rule of Civil Procedure 59, the Court should correct errors in its Opinion and Order [ECF No. 77] (Return of Property Order) denying his Motions for Return of Property and Appointment of New Counsel. As the Court noted in its November 1 Opinion and Order, resolving the Defendant's Motion for Return of Property is an ancillary matter that the Court may consider even though the criminal proceeding ended in this case on April 13, 2010, with the dismissal of the Indictment. (Op. & Order, ECF No. 77 at 2 (citing *United States v. Norwood*, 602 F.3d 830, 832 (7th Cir. 2010)).)

The Seventh Circuit has instructed that whether a court should analyze a motion under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). Looking to the substance of the Defendant's Motion (and not its label), it appears that the Defendant seeks relief from the Court's November 1 Opinion and Order on the basis that the Court's reliance on the evidentiary record established at an earlier suppression hearing was erroneous. Rule 59(e) permits "a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence," but Rule 59(e) does not permit the presentation of new

"evidence that could have been presented before judgment was entered." *Obriecht*, 517 F.3d at 494. Rule 60(b) permits a court, on motion and just terms, to "relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of reasons listed in the rule. The Seventh Circuit has provided the following summary of differences in the application of Rule 59(e) and Rule 60(b):

> Altering or amending judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons, including mistake, excusable neglect, newly discovered evidence and fraud. While the two rules have similarities, "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted).

The Defendant argues that, due to the Court's substantial reliance on its earlier factual findings in resolving his Motion for Return of Property, he now wishes to challenge the factual findings from the Court's December 7, 2009, Opinion and Order denying his Motion to Suppress (Suppression Order). Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Defendant filed his Amended Motion to Correct Error well after the time allowed by the rule to challenge the Court's Suppression Order. Under Rule 59, the Defendant may not challenge the Court's Suppression Order, well after the time to do so has passed, simply because facts established at the suppression hearing later undercut his argument in his Motion to Return Property. Therefore, the Court will construe the Defendant's Motion as a Rule 60(b) Motion seeking relief from the Court's Suppression Order to the extent the Court relied on its earlier factual findings in its Return of Property Order.

2

The Defendant has raised two grounds. He argues first that the Court's Suppression Order is erroneous and second that his attorney was ineffective because he failed to object at the suppression hearing to the admission of evidence that was later adverse to the Defendant's Motion to Return Property. In his Motion, the Defendant attempts to renew legal arguments in support of his Motion to Suppress, which are not a sufficient basis to provide relief under Rule 60(b). *See Stoller v. Pure Fishing, Inc.*, 528, F.3d 478, 480 (7th Cir. 2008) (noting that a Rule 60(b) motion is not a substitute for appeal). The Defendant's Motion does not argue there was any mistake, inadvertence, surprise, or excusable neglect within the meaning of Rule 60(b)(1); instead, he offers alternative legal theories. Additionally, the Defendant has provided no newly discovered evidence, and the Defendant does not point to any material in his 172 pages of filings that could not have been discovered before the Court issued its Return of Property Order. Fed. R. Civ. P. 60(b)(2). The Motion makes claims about police misconduct and dishonesty that could be liberally construed under Rule 60(b)(3) to argue, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[,]" but he has failed to provide any new basis for these arguments other than what the Court has already considered and rejected. *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 ("To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud, misrepresentation, or misconduct. . . . [a] party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence."). The Defendant also has not presented any arguments that the judgment is void or satisfied, or that any other reason justifies relief. Fed. R. Civ. P. 60(b)(4)–(6).

As to the Defendant's ineffective assistance claim, it is more appropriate to raise this claim in a proceeding under 28 U.S.C. § 2255 and not in a motion for post-judgment relief. *See Massaro v. United States*, 538 U.S. 500, 504–05 (discussing the most appropriate process for bringing an ineffective assistance of counsel claim); *see also United States v. Harris*, 394 F.3d 543, 557 (7th Cir. 2005) ("ineffective assistance claims are best raised in motions for habeas corpus rather than direct appeal because such claims are unlikely to find any factual support in the trial record") (citing *United States v. Farr*, 297 F.3d 651, 657 (7th Cir. 2002)).

Because the Defendant has not shown an entitlement to relief under either Rule 59 or 60, the Court DENIES his Amended Motion to Correct Error [ECF No. 95].

SO ORDERED on December 17, 2010.

                                                 s/ Theresa L. Springmann
                                                 THERESA L. SPRINGMANN
                                                 UNITED STATES DISTRICT COURT