# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:09-CR-40-TLS |
| | ) | |
| DELMAS SEXTON, II | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Proceed on Appeal In Forma Pauperis [ECF No. 113], filed with the United States Court of Appeals for the Seventh Circuit on January 7, 2011. On the same day, the Seventh Circuit issued an Order [ECF No. 112] transferring the Defendant's Motion to this Court. On January 7, the Defendant also filed in this Court a Motion to Proceed on Appeal in Forma Pauperis [ECF No. 114].

On November 1, 2010, this Court denied the Defendant's Motion for Return of Property. On November 12, the Defendant filed a Notice of Appeal, and his appeal was docketed as case number 10-3645. On November 15, the Defendant filed a Motion for Leave to Appeal in Forma Pauperis, which the Court denied in an Opinion and Order issued on November 23. The Court certified that his appeal is not taken in good faith. On December 1, the Defendant filed a Motion to Correct Error, which the Court denied in an Opinion and Order issued on December 17. The Defendant filed an Amended Notice of Appeal on December 22, which was docketed as a second appeal in case number 10-3927.

Federal Rule of Appellate Procedure 24(a)(3) provides in relevant part:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and

> states in writing its reasons for the certification or finding; or
> > (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3). To find that an appeal is taken in good faith, the court must determine "that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

Attached to the Motions are partially completed Affidavits [ECF Nos. 113 at 3–7 & 114 at 4–9] related to the Defendant's request to proceed in forma pauperis on appeal. The Affidavits provide details regarding the Defendant's financial condition, but neither Affidavit identifies the issues he intends to present on appeal. However, these issues are identified in his Notice of Appeal, Amended Notice of Appeal, and Motions to Proceed on Appeal In Forma Pauperis. In his Motions, which reference appellate case number 10-3927, the Defendant argues that this Court erred in its December 17 Opinion and Order by construing his Motion to Correct Error as a Rule 60(b) motion rather than treating it as a Rule 59(e) motion.

The Court reaffirms its earlier finding that this appeal is not taken in good faith. In finding that his appeal is not taken in good faith, the Court is mindful of the history and posture of this case. After the Court conducted an evidentiary hearing and denied the Defendant's Motion to Suppress, the Government moved to dismiss the Indictment, and the Court granted the Government leave to dismiss the Indictment. Over four months later, the Defendant filed a Motion for Return of Property.[1] The Court denied this Motion because the Defendant's claims to the property were contradicted by the evidence before the Court and because his claims were unsupported by

---

[1] The Court struck two motions (one involving the return of property) the Defendant submitted pro se approximately two months after the Indictment was dismissed. The submissions were stricken because the Defendant was represented by counsel.

evidence. The Defendant's first Notice of Appeal claims "Plaintiff is seeking review about the denial of the motion and its recusal due to extrajudicial sources with Plaintiff and not allowing me to . . . address the court to do so and keep herself concealed." (ECF No. 80 at 1.) Although the Defendant does not repeat this claim in his Amended Notice of Appeal, the Court still considers this claim as at least part of the basis for his appeal. The Court also considers the Defendant's letters and filings that it has struck, but that remain part of the record. These letters and filings contain unsupported accusations, contradictory evidentiary materials, and various requests which the Court has previously denied. After reviewing the Defendant's Notices of Appeal, Motions to Proceed on Appeal In Forma Pauperis, and the record in this case, the Court finds under the applicable standard that a reasonable person could not suppose that this appeal has some merit.

Given the Defendant's stated issues for appeal, the Court DENIES the Defendant's Motions to Proceed on Appeal in Forma Pauperis [ECF Nos. 113 & 114] and CERTIFIES, pursuant Federal Rule of Appellate Procedure 24(a)(3)(A), that this appeal is not taken in good faith. The Court DIRECTS the Clerk to provide notice to the parties and the court of appeals, pursuant to Federal Rule of Appellate Procedure 24(a)(4). Federal Rule of Appellate Procedure 24(a)(5) provides that "[a] party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice [of this Order]. The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)."

SO ORDERED on January 14, 2011.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT